**In re HOWARD, Applicant.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V2003–40411.

Decided Sept. 19, 2003.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

{¶ 1} On September 17, 2002, the applicant, Suzan Howard, filed a reparations application seeking reimbursement of expenses incurred as a result of the August 17, 2002 murder of her husband, Bruce E. Howard. On January 9, 2003, the Attorney General issued a finding of fact and decision denying the applicant's claim pursuant to R.C. 2743.60(F) and *In re Dawson* (1993), 63 Ohio Misc.2d 79, 619 N.E.2d 1225, contending that the decedent engaged in substantial contributory misconduct because the coroner's toxicology report indicated that he had tested positive for cocaine. On February 7, 2003, the applicant filed a request for reconsideration. On April 8, 2003, the Attorney General issued a final decision indicating that the previous decision would not be modified. On May 2, 2003, the applicant filed an appeal of the Attorney General's final decision. On June 3, 2003, the Attorney General filed a brief recommending that the final decision be affirmed. The Attorney General stated that the claim must be denied pursuant

to R.C. 2743.60(F). The Attorney General stated that the decedent's positive toxicology report for cocaine proves by a preponderance of the evidence that the decedent engaged in contributory misconduct. This matter came to be heard before this panel of commissioners on July 24, 2003.

{¶ 2} The pro se applicant and an Assistant Attorney General attended the hearing and presented testimony, an exhibit, and brief comments for this panel's consideration. Ms. Howard testified that her husband was taking various medications prior to his death, which may have caused the positive toxicology report for cocaine. Ms. Howard insisted that her husband's death was not his fault. She explained that the victim had worked 20 years at General Motors and that she and the victim had been married for 32 years with three adult children.

{¶ 3} From review of the file and with full and careful consideration given to all the information presented at the hearing, this panel makes the following determination. First, we must address the Attorney General's contention that *Dawson,* supra, applies to R.C. 2743.60(F)-related cases. The *Dawson* holding was clearly rendered with respect to former R.C. 2743.60(E) cases. Therefore, we decline to accept the argument that *Dawson* applies in this case. Second, we must address the issue of contributory misconduct.

{¶ 4} R.C. 2743.51(M) states:

"(M) 'Contributory misconduct' means any conduct of the claimant or of the victim through whom the claimant claims an award of reparations that is unlawful or intentionally tortious and that, without regard to the conduct's proximity in time or space to the criminally injurious conduct, has a causal relationship to the criminally injurious conduct that is the basis of the claim."

{¶ 5} R.C. 2743.60(F) states:

"For purposes of this section, if it is proven by a preponderance of the evidence that the victim engaged in conduct at the time of the criminally injurious conduct that was a felony violation of section 2925.11 of the Revised Code, the conduct shall be presumed to have contributed to the criminally injurious conduct and shall result in a complete denial of the claim."

{¶ 6} We believe that the legislative intent of R.C. 2743.60(F) was to exclude only those victims or applicants who engaged in conduct that *actually* contributed to the criminally injurious conduct itself. According to the definition of "contributory misconduct" there are three elements that must be established before a prima facie case of contributory misconduct can be met: the conduct (1) must have been committed by the victim or the claimant, (2) must be unlawful or intentionally tortious, and (3) must have a causal relationship to the criminally injurious conduct. Upon review of the statute, it appears that the last paragraph of R.C. 2743.60(F) allows a presumption of contributory misconduct when a victim

or applicant tests positive for an illegal substance, thereby barring the claim even though all the elements of contributory misconduct as defined by R.C. 2743.51(M) have not been fulfilled.

{¶ 7} Hence this discrepancy in the statute permits certain victims and applicants access to the fund while denying others. For instance, a claimant would be barred from recovery if a positive toxicology report indicated the presence of illegal drugs in the victim's system at the time of the criminally injurious conduct. However, a wholly different victim who had tested positive for cocaine prior to and subsequent to the criminally injurious conduct may be eligible to participate in the program. It is inconceivable to this panel that the General Assembly intended such disparity. Amended S.B. No. 153 did not alter the definition of contributory misconduct stated in R.C. 2743.51(M). Since its inception, R.C. 2743.51(M) has always required that the victim's conduct have a causal relationship to the criminally injurious conduct. Clearly, the Attorney General, who bears the burden of proof by a preponderance of the evidence with respect to the exclusionary criteria of R.C. 2743.60(F), must prove a causal connection to prevail on this issue. See *In re Williams*, V77–0739jud (3–26–79); and *In re Brown*, V78–3638jud (12–13–79). In the case before us, we believe that only the first two prongs of contributory misconduct have been sufficiently satisfied. However, the element of causation has not been proven on this record. We fail to see how the victim's allegedly having ingested cocaine caused the criminally injurious conduct. If the decedent had been shot to death as a result of a drug deal gone bad or in an attempt to commit a robbery, apparently to support his habit, then circumstantially the record would allow this panel to draw an inference of causation. However, this record is devoid of such facts.

{¶ 8} Moreover, this panel must also note that the legislature took specific steps in Am. S.B. No. 153 to change R.C. 2743.60(E)(3), which now allows victims and applicants who have engaged in *nonviolent* felonious conduct within ten years of the criminally injurious conduct or during the pendency of the claim, with the exception of drug trafficking, to participate in the fund. The fact that the legislature altered R.C. 2743.60(E) indicates a shift in legislative intent to permit formerly ineligible applicants access to the fund. Therefore, to permit alleged drug users to participate in the fund under one section of the statute, but then deny them participation under a different section, would be unreasonable and illogical.

{¶ 9} According to information in the file, the police were dispatched to the N & N Supermarket in Youngstown, Ohio in reference to a shooting. The victim was found lying face down just inside the entrance of the supermarket. The decedent sustained a single gunshot wound to the chest and died shortly thereafter. We note that the coroner's report indicates that the victim died of a

gunshot wound to the chest, hypovolemic shock, and perforations of the aorta. Therefore, the Attorney General's argument that this claim must be denied pursuant to R.C. 2743.60(F) is not well taken. We believe that denying this claim would be patently unfair since it is clear that the actual cause of the victim's death was murder and not cocaine possession. Based upon the above reasoning, we find that the victim did not engage in contributory misconduct. Therefore, the April 8, 2003 decision of the Attorney General shall be reversed and the claim shall be remanded to the Attorney General for economic loss calculations and decision.

{¶ 10} IT IS THEREFORE ORDERED THAT

{¶ 11} (1) The April 8, 2003 decision of the Attorney General is REVERSED and judgment is rendered in favor of the applicant;

{¶ 12} (2) The case is remanded to the Attorney General for economic loss calculations and decision;

{¶ 13} (3) This order is entered without prejudice to the applicant's right to file a supplemental compensation application pursuant to R.C. 2743.68;

{¶ 14} (4) Costs are assumed by the Court of Claims victims-of-crime fund.

Judgment accordingly.

KARL H. SCHNEIDER, LEO P. MORLEY and JAMES H. HEWITT III, Commissioners, concur.